**Mildred MARTINEZ, Plaintiff–Appellant,**

v.

**Steven SANDERS, Defendant–Appellee.**

No. 05–5895–cv.

United States Court of Appeals, Second Circuit.

Dec. 12, 2008.

Michael H. Zhu, New York, NY,[1] for Appellant.

Diana R.H. Winters, Assistant Solicitor General, State of New York, Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LAWRENCE E. KAHN, District Judge.*

## SUMMARY ORDER

On October 2, 2001, the plaintiff, Mildred Martinez, was dismissed from her job as a housing specialist in the office of the defendant, then-New York State Assemblyman Steven Sanders. Ms. Martinez asserts that she was dismissed because of her support for Fernando Ferrer, a candidate for the Democratic Party nomination for Mayor of New York. Assemblyman Sanders was supporting a different candidate for the Democratic Party nomination. Mr. Sanders asserts that this was not the motivation for his dismissal of Ms. Martinez. We assume the parties' familiarity with the facts and procedural history of the case.

The district court granted summary judgment to the defendant on the grounds that even if Ms. Martinez was dismissed because of her support of Mr. Ferrer, that would not give rise to the alleged violations of Ms. Martinez's right to freedom of speech, political freedom and affiliation, and freedom of association under the First Amendment of the United States Constitution and under Article I, Section 8 of the New York State Constitution,[2] because Ms. Martinez was a political employee, and thus had only limited rights to political speech and association.

The district court correctly granted summary judgment in favor of Mr. Sanders. Under *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), a government employee can be dismissed as a result of her political affiliation if "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." 445 U.S. at 518, 100 S.Ct. 1287. The instant case did not involve party affiliation, but we think, and the parties do not contest, that the same analysis applies here.

We have interpreted *Elrod* and *Branti* to mean that there must be "a rational connection between shared ideology and job performance." *Savage v. Gorski,* 850 F.2d 64, 68 (2d Cir.1988). We have further held that "[t]here must be an independent factual analysis of several factors to determine whether the position falls within the political dismissal exception contemplated in *Branti.*" *Regan v. Boogertman,* 984 F.2d 577, 580 (2d Cir.1993). These factors include: whether the position comes under the civil service protection; whether the position is given policy-making and independent decisionmaking functions by law; whether the public per-

---

1. Despite notice by the Court providing for oral argument, and telephone confirmation that he was required to appear, Mr. Zhu improperly failed to do so, citing his client's instructions based on cost.

* The Honorable Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

2. The State Constitution claims at issue here are subject to the same standards as the First Amendment claims. *See generally Pico v. Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26,* 638 F.2d 404 (2d Cir.1980), *aff'd,* 457 U.S. 853, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982).

ceives the employee as a policymaker; and whether the position involves technical competence, power to control others, authority to speak in the name of policymakers, influence on government programs, contact with elected officials, or responsiveness to partisan politics and political leaders. *Id.; see also Almonte v. City of Long Beach,* 478 F.3d 100, 109–110 (2d Cir.2007).

In *Bavaro v. Pataki,* 130 F.3d 46 (2d Cir.1997), *cert. denied* 523 U.S. 1120, 118 S.Ct. 1801, 140 L.Ed.2d 941 (1998), we concluded that the positions of Associate and Assistant Counsel in the New York State Department of Health, Division of Legal Affairs, Bureau of Professional Medical Misconduct were subject to the *Elrod/Branti* exception, *see id.* at 50. We noted that exemption from civil service protection was an important factor to consider. We also concluded that the prosecution of medical misconduct charges required considerable technical competence and expertise. *See id.* Finally, we decided that although the employees were "not empowered to speak directly on behalf of an elected official, they represent[ed] the State in proceedings before the Board, and therefore [were required to] reflect the views of policymakers in their dealings with the Board and with the physicians whom they prosecute[d]." *Id.* Because of these factors, the employees were found to fall within the *Elrod/Branti* exception, in spite of several factors indicating otherwise. *See id.*

The situation before us is analogous. Ms. Martinez concedes that she was not a civil servant. Her position as a housing specialist required considerable expertise. She represented Mr. Sanders in her daily contact with constituents, and at times was even deputized to attend community meetings on his behalf. Like one of the employees in *Bavaro,* she did not have control over any other employees, nor was she a policymaker. *See id.* at 50. But those factors were not dispositive in *Bavaro,* and they are therefore not dispositive here. Based largely on the reasoning of the *Bavaro* panel, *see also, e.g., Vona v. County of Niagara, N.Y.,* 119 F.3d 201 (2d Cir. 1997), we conclude that Ms. Martinez is subject to the *Elrod/Branti* exception. The district court therefore correctly granted summary judgment to Mr. Sanders.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.